UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES BRAZIEL | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| v. | ) | No. 1:11-cv-119 |
| | ) | *Chief Judge Curtis L. Collier* |
| DR. BILL WILSON, | ) | |
| | ) | |
|    *Defendant*. | ) | |

## MEMORANDUM

Plaintiff James Braziel ("Plaintiff" or "Braziel"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Court File No. 2). Plaintiff brings suit against Dr. Bill Wilson, a physician, alleging he would not repair his broken jaw. According to Plaintiff he was denied treatment by Defendant while at the Hamilton County Jail on April 14, 2010, and while at CCA-Silverdale on April 16, 2010.

Plaintiff, who has since been transferred to a state facility, seeks repair of his jaw and "leave[s] it up to the Judge's descression [sic] for the amount of money for pain and suffering." (Court File No. 2).

For the reasons explained herein, no service shall issue and the complaint will be **DISMISSED** in its entirety (Court File No. 2). Specifically, the claims for denial of medical care will be dismissed as frivolous because those claims are time-barred. In addition, his motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File Nos. 1 & 5).

I.    *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Since Plaintiff is a prisoner at the Whiteville Correctional Facility in Whiteville, TN, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1 & 5). Plaintiff's motion to proceed *in forma pauperis* will be **DENIED** to the extent the filing fee will not be waived but **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, will be **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such

monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Trust Fund Accounts at Whiteville Correctional Facility in Whiteville, Tennessee, the Commissioner of the Tennessee Department of Corrections, and the State Attorney General to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

## II.   Standard of Review

### A.   *Pro Se* Pleadings

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Mere "labels and conclusion" will not do. *Id*. at 555. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain

3

"a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

**B.     Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d at 608.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). Claims that are barred by the applicable statute of limitations are frivolous. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e).

**III.    *Facts***

For purposes of this review the Court accepts all factual allegations in the complaint as true.

4

On April 13, 2010, the son of the Plaintiff's girlfriend broke his jaw and robbed him. On April 14, 2010, Plaintiff was arrested for a probation violation and was incarcerated in the Hamilton County Jail. On that date, he told Dr. Wilson he had a broken jaw. The physician responded that since he came to jail with a broken jaw, he would leave jail with it. The next day Plaintiff complained to the Sheriff. On April 16, 2010, Plaintiff was transferred to CCA-Silverdale, where he requested medical attention and again, Dr. Wilson told him since he came to jail with a broken jaw he would leave with it.

## IV.    Analysis

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied,* 502 U.S. 1032 (1992).

To present an Eighth Amendment failure to provide medical care claim, a plaintiff must suffer from a serious medical need. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A medical need is serious for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2nd Cir. 1998) (citations omitted). Plaintiff's factually unsupported, self-diagnosis of a broken jaw, however, fails as a matter of law to rise to a level sufficient to support a finding of a serious medical need. *See Word v. Croce*, 169 F. Supp. 2d 219, 226 (S.D. N.Y. 2001) (Plaintiff's self-diagnosis of irritable bowel syndrome was insufficient to support a medical condition requiring a special diet).

Nevertheless, assuming for the sake of discussion that Plaintiff states viable § 1983 claims against Defendant, as explained below, the claims are barred by the applicable statute of limitations.

Plaintiff's claims stem from the alleged denial of medical care on April 14, 2010, and April 16, 2010. For purposes of 42 U.S.C. § 1983, the state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted, *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), as neither the United States Constitution nor the federal statutes enacted by Congress expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties). Specifically, 42 U.S.C. § 1983 does not contain a statute of limitations. Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. at 268-69. However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*,

520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S.C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through
the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, we look to the date when Plaintiff became aware of the claims he now raises. *See Friedman v. Estate of Presser*, 939 F.2d 1151, 1159 (6th Cir. 1991) ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." (Punctuation and citations omitted)). Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983.

Because the alleged unconstitutional denial of medical care occurred on two separate occasions at two different facilities, i.e., April 14, 2010, and April 16, 2010, Plaintiff's Eighth Amendment denial of medical care claim accrued at the time of the alleged denial of medical care, i.e., April 14, 2010, and April 16, 2010. Therefore, the one-year statute of limitations commenced to run on those two dates.

7

The prison mailbox rule provides that a filing by an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). The Court is unable to determine when Plaintiff gave the complaint to the prison mailroom. For purposes of calculating the statute of limitations, the Court will generously use the date on which Plaintiff signed his complaint since the Court is unable to determine the date on which he gave it to prisoner authorities. Therefore, Plaintiff's civil complaint is deemed to have been filed April 28, 2011, the date on which he signed his complaint. Consequently, the one-year statute of limitation expired on April 14, 2011, and April 18, 2011, [1] fourteen (14) and ten (10) days respectively, prior to Plaintiff filing this civil rights complaint.

Accordingly, Plaintiff's claims that he was denied medical treatment will be **DISMISSED WITH PREJUDICE** as frivolous on the ground that the denial of medical care claims are time-barred by the applicable statute of limitations, and therefore, lack an arguable or rational basis in law. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous)*; Day v. E.I. Du Pont De Nemours and Co.*, 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998) *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred

---

[1] The statute of limitations period for the April 16, 2010, incident actually expired on Saturday, April 16, 2011. Pursuant to the computation rules in the Federal Rules of Civil Procedure, since the last day of the period ended on Saturday, the period continues to run until the end of that next day that is not weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

8


Case 1:11-cv-00119 Document 9 Filed 12/05/11 Page 8 of 9 PageID #: 41

by statute of limitations and did not present a rational basis in law). Thus, Plaintiff's complaint against the defendant will be **DISMISSED** *sua sponte* in its entirety.

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**